### CHEEVER v. BROWN et al.

*(Supreme Court, General Term, First Department. December 31, 1890.)*

ASSIGNMENT FOR BENEFIT OF CREDITORS—PROOF OF CLAIMS.

On an accounting by an assignee for benefit of creditors, the assignor, as receiver of a firm of which he was a member, presented a claim for an amount alleged to be due from himself to the firm. The only evidence of the assignor's interest in the profits of the firm, which was to be deducted from the amount charged against him on its books, was a mere estimate made by his copartner, and acquiesced in by himself, without any evidence that in making such estimate the true value was placed on the firm profits. *Held*, that the claim was properly rejected.

Appeal from special term, New York county.

Action by John H. Cheever against Avery T. Brown, as assignee for the benefit of the creditors of William H. Guion, and the said William H. Guion. The referee's report was confirmed, and a decree was entered directing distribution of the assigned estate, and defendant Guion, as receiver of Williams & Guion, appeals. For former reports, see 7 N. Y. Supp. 918, 8 N. Y. Supp. 931, mem.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

Clark Bell, for appellant. William Allen Butler, for respondent William H. Webb. William W. Jenks, for respondent John H. Cheever.

BARTLETT, J. This was a suit against an assignee for an accounting. The referee who took proof of the claims of creditors rejected the claim of William H. Guion, as receiver of the firm of Williams & Guion, on the ground that it had not been substantiated by the proof offered in support thereof; and the sole question presented for determination on this appeal is whether the evidence before the referee demanded a different conclusion. The claim of the appellant was that William H. Guion, individually, was indebted to the firm of Williams & Guion in the sum of $106,937.82. This amount was arrived at, according to the testimony, as the result of discussions between William H. Guion and the late Stephen B. Guion, deceased, representing the firm. We do not think the transactions between these parties were such as to make an account stated. Hence the claim in behalf of the firm could not be allowed in this proceeding, as against the assigned estate of William H. Guion, individually, on the ground that an account had been stated between him and the copartnership which fixed the amount that he owed. It was essential, therefore, to establish the amount of William H. Guion's indebtedness to the firm of Williams & Guion by proof which should be competent as against his other creditors having claims against his estate in the present suit. That amount could only be ascertained by looking into the relations between Mr. Guion and the copartnership, and finding out what the firm was entitled to charge against him, and what was the value of his interest in the firm profits or assets. The books of the firm show charges against him on general account and on loan account, aggregating a large amount. From this must be deducted the appellant's interest in the profits of Williams & Guion. His very claim put in before the referee speaks of these profits as unascertained, but as estimated as nearly as possible on January 18, 1884, at $464,000. The evidence in this matter shows, not what the profits actually did amount to, but what Mr. Stephen B. Guion said they amounted to. The manner in which they were fixed is stated by Mr. William H. Guion himself, in his testimony, as follows: "There was no estimate of the profits of the concern composed of myself and Stephen B. Guion until after my failure. It was then made up by my brother, and stated to me by him and by our book-keeper, who made it up in New York. I got it from the book-keeper, Mr. Thompson. I don't know anything further than his statement. I don't know anything about it." Now, it seems to us quite clear that the other creditors of Mr. William H. Guion's individual estate, in the present proceeding, are not bound by any mere estimate of his indebtedness to the firm of Williams & Guion, made in this way by his copartner, and acquiesced in by himself; and, indeed, that in the absence of any evidence whatever to show that the value placed upon the firm profits, in making that estimate, was the true value as matter of fact, no sufficient foundation was laid for a finding by the referee in favor of the appellant's claim, even though no opposing testimony was offered. We think the order appealed from, together with the decree, should be affirmed, with costs.

VAN BRUNT, P. J., concurs in the result.

BARRETT, J.  I concur.  The question was not whether, upon a liquidation of the copartnership affairs, Mr. W. H. Guion would have been found to be indebted to his copartners, but whether he was actually indebted to his own firm in such a form that the receiver of that firm could recover against him or his assignee.  This question seems to have been ignored; and Mr. W. H. Guion, as his firm's receiver, proceeded before the referee as though it were only necessary to show his individual liability for some specific sum upon a firm accounting.  But, even upon this theory, proof of the essential facts was lacking.  His individual creditors certainly had a right to strict proof of his indebtedness to his firm.  Their dividend for his individual estate should not be reduced by mere estimates of the partners in the firm as between themselves, nor yet by the book-keeper's statements as to the supposed condition of the firm.  I think with Mr. Justice BARTLETT that the referee was right in rejecting this claim.